<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROCMOINE LINTON,<br><br>                *Plaintiff,*<br><br>v.<br><br>NEW JERSEY OFFICE OF THE ATTORNEY GENERAL et al.,<br><br>                *Defendants.* | Case No.: 2:24-cv-09702-JKS-CLW<br><br>**OPINION**<br><br>November 25, 2024 |

**SEMPER**, District Judge.

      **THIS MATTER** comes before the Court upon pro se Plaintiff Rocmoine Linton's Complaint and motion for a temporary restraining order, filed on an ex parte basis, against the New Jersey Office of the Attorney General and Patricia Shaw ("Defendants"). (ECF 1; ECF 3.) The Court has reviewed the papers and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that issuance of emergency relief, without notice to Defendants, is warranted. For the reasons stated below, Plaintiff's motion is **DENIED**.

      **WHEREAS** Plaintiff was detained in relation to an alleged disorderly person's offense concerning domestic violence. (ECF 1-1 at 7.) Plaintiff asserts his detention was wrongful. (*Id.*) He initiated a civil action in state court based on this alleged wrongful detention. (*Id.*) The case was dismissed. (*Id.*) Plaintiff sought to appeal the state court decision, but he alleges that case manager Patricia Shaw "impeded the appeal by diverting it from its intended path, which should have involved a review by the relevant judges." (*Id.*) Before this Court, Plaintiff now states:

> I am presently asking the court to urgently issue a temporary injunction against the Office of the Attorney General, which would require the state courts, including the Court of Appeals, as well as

> its staff and officials under its jurisdiction, to properly carry out their duties in compliance with the rules of the court. In a separate note, I am calling on Case Manager Patricia Shaw to execute her duties appropriately and to cease any actions that obstruct the appeal process. There is no other remedy to address this issue.

(ECF 1-1 at 6.) Construing pro se Plaintiff's papers liberally,[1] it appears that he asserts that the New Jersey Office of the Attorney General and Patricia Shaw have committed equal protection and due process violations by failing to ensure that the New Jersey Appellate Division timely reviewed an appeal of his state court action. (*Id.* at 3, 5.) It appears Plaintiff is asking this Court to order the New Jersey Office of the Attorney General to instruct the New Jersey Appellate Division to review an appeal of his state court case by way of temporary restraining order. (*Id.*); and

**WHEREAS** granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

---

[1] As a pro se litigant, Plaintiff is entitled to liberal construction of his Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**WHEREAS** Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." L. Civ. R. 65.1. Under the rule, an order to show cause may include temporary restraints "only under the conditions set forth in Fed. R. Civ. P. 65(b)." *Id.* Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1); and

**WHEREAS** to the extent Plaintiff asks this Court to review a final state court judgment, this Court lacks jurisdiction to do so. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463,(2006) ("[t]he *Rooker-Feldman* doctrine precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court.")); *Grossberger v. Superior Court Essex Cnty.*, No. 22-05484, 2022 U.S. Dist. LEXIS 172481, at *3 (D.N.J. Sep. 23, 2022); and

**WHEREAS** Plaintiff has otherwise failed to set forth "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Even construed liberally, Plaintiff's Complaint has failed to allege facts that establish a likelihood of success in the litigation or that he will be irreparably harmed if relief is not granted.

*See Reilly*, 858 F.3d at 176. Accordingly, Plaintiff's motion for a temporary restraining order is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Cathy L. Waldor, U.S.M.J.
        Parties